IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MILLENNIUM PHARMACEUTICALS, )
INC., )
 )
        Plaintiff, )
 )
 v. ) No. 13 C 8240
 )
APOTEX CORP., et al., )
 )
        Defendants. )

<u>MEMORANDUM ORDER</u>

This newly-filed patent infringement action, assigned at random to this Court's calendar, has the appearance of a potential poster child for the cottage industry of forum shopping:

    1. Plaintiff Millennium Pharmaceuticals, Inc. ("Millennium") is a Delaware corporation with its principal place of business in Cambridge, Massachusetts (Complaint ¶2).

    2. Codefendant Apotex Corp., also a Delaware corporation, has its principal place of business in Weston, Florida (Complaint ¶3).

    3. Codefendant Apotex, Inc. is a Canadian corporation with its principal place of business in Toronto (Complaint ¶4).

Conspicuously absent from those allegations is any logical predicate for the institution of suit in this Illinois District Court.

Although to be sure Complaint ¶¶5 and 6 assert the facts (as is always true of companies engaged in nationwide business activities) that both Apotex entities engage in the manufacture or sale of their drugs in this judicial district, that proves too much (or too little). Those allegations may well suffice to establish both venue and in-personam jurisdiction over the Apotex defendants in this Northern District of Illinois, but they would also suffice for the institution of this lawsuit anywhere in the United States--any place that might suit the fancy of Millennium and its counsel. And in the latter respect it is noteworthy that Millennium's lead counsel are listed as Boston and Palo Alto lawyers from the branch offices of the Wilmer Cutler Pickering Hale & Dorr LLP law firm.[1]

Some idea of the makeweight nature of Millennium's choice of forum may be gleaned from the Complaint ¶12 allegation that "Apotex, Inc. has previously availed itself of this forum for the purpose of litigating its patent infringement disputes." For that purpose the Complaint refers (with no apparent recognition of its patent[2] irrelevance) to the fact that in a lawsuit in this District Court in which the Apotex companies were sued earlier

---

[1] Although a Chicago lawyer has signed onto the Complaint, that adds nothing to the substantive mix--but in the course of analyzing 28 U.S.C. §1404(a)("Section 1404(a)") this Court has often had occasion to comment that "convenience of counsel" is wholly absent from the factors identified in that statute.

[2] Bad pun intended.

2

this year, they "filed a counterclaim seeking declaratory judgment of non-infringement and invalidity"!

From this Court's point of view Millennium has to do better than that. Its counsel is directed to file, on or before November 27, 2013, a statement providing a better explanation of why this action should remain here.[3] This Court may then consider the appropriateness or inappropriateness of a sua sponte Section 1404(a) transfer and, if such transfer appears appropriate, the location of the transferee situs (see Ferens v. John Deere Co., 494 U.S. 516, 530 (1990) and 17 Moore's Federal Practice §111.16[3](3d ed. 2013)).

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date: November 19, 2013

---

[3] That may perhaps include amplification of the assertion in Complaint ¶12 that Apotex, Inc. recently "identified its agent for service of process for purposes of patent infringement as being located in this Judicial District"--an amplification that should include an explanation of the context and manner in which the quoted conduct took place.