IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MILLENNIUM PHARMACEUTICALS, )
INC., )
 )
        Plaintiff, )
 )
  v. ) No. 13 C 8240
 )
APOTEX CORP., et al., )
 )
        Defendants. )

## MEMORANDUM ORDER

On November 19, 2013 this Court issued a sua sponte memorandum order ("Order") questioning the appropriateness of the choice of forum selected by Millennium Pharmaceuticals, Inc. ("Millennium") in its patent infringement Complaint against Apotex Corp. and Apotex, Inc. (collectively "Apotex," treated as a singular noun purely as a matter of convenience). Although the Order designated November 27 as the due date for Millennium's response, that date came and went without the arrival of any response in this Court's chambers. Both because of the Thanksgiving holiday and to allow for the time designated in this District Court's LR 5.2(f) for the delivery of a paper copy of all court filings to the chambers of District Judges who prefer to work with hard copies, this Court simply held off on the matter until December 3, at which point it had its courtroom deputy check the docket.

That follow-up inquiry revealed that Millennium had indeed filed a statement on November 27, although its counsel did not

comply with LR 5.2(f). Under that LR it is each judge's choice as to the maintenance vel non of in-chambers paper files, so that counsel has to check each judge's website when determining whether electronic filing alone is enough. This Court's website has made it plain that noncompliance by counsel results in the imposition of a $100 fine, which this Court has set as the price to pay for the most common noncompliance (nondelivery of a copy of a newly-filed complaint). Consistently with that policy, Millennium is ordered to deliver promptly to this Court's chambers a check for $100 payable to the Clerk of Court.

That, however, is a digression that should not obscure this Court's appreciation for the thoughtfulness of the statement that Millennium has provided. It is clear from that statement that the filing of this action in this forum was expressly authorized by Apotex, so that no consideration should be given to a sua sponte transfer under 28 U.S.C. §1404(a)("Section 1404(a)"). As for a possible party-initiated Section 1404(a) motion to transfer, see this week's Supreme Court decision in <u>Atl. Marine Constr. Co. v. United States Dist. Ct.</u>, No. 19-929 (Dec. 3, 2013). Millennium's further explanation as to the interchange between its counsel and Apotex' counsel makes it clear that this Court should simply hold off until Apotex clarifies its position as to either challenging or consenting to jurisdiction and venue in Delaware. For that purpose this Court sets a status hearing

to be held at 9:15 a.m. December 13, 2013.

_____
Milton I. Shadur
Senior United States District Judge

Date:   December 5, 2013